By the Court.—Horace Russell, J.
This motion was made below, and the appeal from the order denying it was argued before us, oh the assumption that the plaintiff had stated in his complaint a cause of action against the defendants personally, as well as against them as executors of their respective testators. The argument was that the alleged injurious acts of the executors of Whitehouse and Hollingshead, as stated in the complaint, were in exercising control and dominion over the plaintiff’s part of the judgment and in receiving his part of the produce thereof, behind his back and without his knowledge or assent, and did not consist merely in breaches of the decedent’s promises.
The contract, as alleged between the plaintiff and the decedent, stated in the view most favorable to the plaintiff, did not contemplate that they should be prevented from collecting the judgment and satisfying it. If the deceased had a right to collect it, their executors had. The plaintiff claims that he was to have one-half the judgment or one-half of whatever amount should be collected thereon. It cannot be said that this per se made him the legal owner of one-half the judgment as it stood upon the record. It amounts to no more than fixing his compensation at one-half of whatever should be collected upon the judgment; that is to say, it was a contract between the deceased that in the event of their ever collecting anything on the judgment, they would pay to the plaintiff one-half of the sum so collected. It cannot, then, be said that it would have been a wrongful act in them, as against the plaintiff, to collect and to satisfy the judgment, with or without the plaintiff’s knowledge, nor was it wrongful in their executors to do, with reference to a judgment standing in their name, what they would have had the right to do if living. It was an act done in their representative capacity—simply the collection of the assets *211 of the deceased, and the plaintiff had his right of action to recover upon his contract the amount agreed to be paid him by the deceased. And that was' all.
The complaint does not state a cause of action against the defendants individually, and the motion to revive the action against the personal representatives was, therefore, properly denied.
The order appealed from must be affirmed, with costs.
Freedman, J., concurred.